Timothy J. Eckstein, No. 018321
OSBORN MALEDON, P.A.
2929 North Central Avenue
Suite 2100
Phoenix, Arizona  85012-2793
Telephone:  (602) 640-9316
Facsimile:  (602) 664-2069
E-mail: teckstein@omlaw.com

Attorneys for Experian Information Solutions, Inc.

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Edward Morales, Pro Se,<br><br>　　　　Plaintiff,<br><br>vs.<br><br>Experian Information Solutions, Inc.,<br><br>　　　　Defendant. | No.  08-CV-56-TUC-JMR (JEMB)<br><br>**ANSWER OF DEFENDANT EXPERIAN INFORMATION SOLUTIONS, INC.** |

　　　　NOW COMES Defendant Experian Information Solutions, Inc. ("Experian"), by its undersigned counsel, and in answer to the Complaint filed by Edward Morales ("Plaintiff") states as follows:

**JURISDICTION**

　　　　In response to the "Jurisdiction" portion of the Complaint, Experian admits that this Honorable Court has jurisdiction in this case arising under federal law.  Experian admits that Plaintiff has claimed venue properly lies in the District of Arizona in Tucson, Arizona.  Experian states that this is a legal conclusion, not subject to denial or admission.

　　　　1.　　In response to Paragraph 1 of the Complaint, Experian denies, generally and specifically, each and every allegation contained therein, including each and every subpart contained therein.

　　　　2.　　In response to Paragraph 2 of the Complaint, Experian denies, generally and specifically, each and every allegation contained therein.

3. In response to Paragraph 3 of the Complaint, Experian denies, generally and specifically, each and every allegation contained therein.

4. In response to Paragraph 4 of the Complaint, Experian denies, generally and specifically, each and every allegation contained therein. Experian further denies that Plaintiff is entitled to any relief, including actual damages, punitive damages, attorneys' fees or costs.

## AFFIRMATIVE DEFENSES

### FIRST DEFENSE
### (Failure to State a Claim)

The Complaint herein, and each cause of action thereof, fails to set forth facts sufficient to state a claim upon which relief may be granted against Experian and further fails to state facts sufficient to entitle Plaintiff to the relief sought, or any other relief whatsoever from Experian.

### SECOND DEFENSE
### (Immunity)

Plaintiff's claims against Experian are barred by the qualified immunity of 15 U.S.C. § 1681h(e).

### THIRD DEFENSE
### (Truth/Accuracy of Information)

Plaintiff's claims against Experian are barred because all information Experian communicated to any third person regarding Plaintiff was true.

### FOURTH DEFENSE
### (Indemnification)

Experian is informed and believes and thereon alleges that any purported damages allegedly suffered by Plaintiff are the result of the acts or omissions of third persons over whom Experian ad neither control nor responsibility.

## FIFTH DEFENSE

### (Failure to Mitigate Damages)

Plaintiff has failed to mitigate his damages.

## SIXTH DEFENSE

### (Laches)

The Complaint, and each claim for relief therein, is barred by laches.

## SEVENTH DEFENSE

### (Contributory/Comparative Fault)

Experian is informed and believes and thereon alleges that any alleged damages sustained by Plaintiff were, at least in part, caused by the actions of Plaintiff and/or third parties and resulted from Plaintiff's or third parties' own negligence which equaled or exceeded any alleged negligence or wrongdoing by Experian.

## EIGHTH DEFENSE

### (Estoppel)

Any damages that Plaintiff may have suffered, which Experian continues to deny, were the direct and proximate result of the conduct of Plaintiff.  Therefore, Plaintiff is estopped and barred from recovery of any damages.

## NINTH DEFENSE

### (Statute of Limitations)

Experian is informed and believes and thereon alleges that all claims for relief in the Complaint herein are barred by the statute of limitations.

## TENTH DEFENSE

### (Improper Request for Punitive Damages)

Plaintiff's Complaint does not allege facts sufficient to rise to the level of conduct required to recover punitive damages, and thus all requests for punitive damages are improper.

**ELEVENTH DEFENSE**

**(Unclean Hands)**

The Complaint, and each claim for relief therein that seeks equitable relief, is barred by the doctrine of unclean hands.

**TWELFTH DEFENSE**

**(Independent Intervening Cause)**

Experian alleges upon information and belief that if Plaintiff sustained any of the injuries alleged in the Complaint, there was an intervening, superseding cause and/or causes leading to such alleged injuries and, as such, any action on the part of Experian was not a proximate cause of the alleged injuries.

WHEREFORE, Defendant Experian Information Solutions, Inc. prays as follows:

1.  That Plaintiff takes nothing by virtue of the Complaint herein and that this action be dismissed in its entirety;

2.  For costs of suit herein incurred; and

3.  For such other and further relief as the Court may deem just and proper.

DATED this 5th day of February, 2008.

OSBORN MALEDON, P.A.

By   s/ Timothy J. Eckstein
Timothy J. Eckstein
2929 North Central Avenue
Suite 2100
Phoenix, Arizona  85012-2793

Attorneys for Experian Information Solutions, Inc.

I hereby certify that on February 5, 2008, I served the attached document by mail on the following, who is not a registered participant of the CM/ECF System:

Edward Morales
45 Old Charleston Road
Box 991
Tombstone, Arizona 85638

s / Dawn M. Dybdahl

1924931_1

5